967 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arch John DRUMMOND, Defendant-Appellant.
 No. 91-30202.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 29, 1992.*
Decided June 1, 1992.
 
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arch John Drummond appeals his sentence following a guilty plea to one count of using fire and explosives to commit a felony in violation of 18 U.S.C. §§ 844(h) & 2. Drummond contends that at sentencing the district court erred in failing to credit his term of imprisonment for the time he spent on home detention under electronic monitoring. Finding this claim without merit, we affirm.
 
 
 3
 Drummond was arrested and remanded into custody on November 13, 1990. At a detention hearing on November 15th, the district court ordered that he be released with the following conditions: that he be electronically monitored, have no contact with the other codefendants (except for his brother with whom he resided), and that he stay away from McChord Air Force Base. Drummond was released on November 21st.
 
 
 4
 A federal grand jury indicted Drummond and four codefendants on December 13, 1990. On January 28, 1991 Drummond pleaded guilty to count III of that indictment which charged him with the use of fire and explosives in the commission of a felony. Pending sentencing Drummond remained on electronic monitoring.
 
 
 5
 On May 28th the district court entered judgment against him and sentenced Drummond to five years imprisonment followed by a three year term of supervised release. At sentencing, Drummond moved the court to credit his term of imprisonment for the time he spent on electronic monitoring while on house detention. The district court denied the motion.
 
 
 6
 Drummond contends that the six months which he spent on home detention, supervised by twenty-four hour electronic monitoring, constitutes "official detention" under 18 U.S.C. § 3585(b),[1] and that, under this section, the district court must credit that time towards his sentence. The government argues that the district court lacks authority to credit Drummond under § 3585(b).
 
 
 7
 In United States v. Wilson, 112 S.Ct. 1351 (1992) the Supreme Court held that under § 3585(b) at sentencing a district court lacks the authority to award a defendant credit for time spent in official detention prior to sentencing. Id. at 1354-55. The Court reasoned that Congress's use of the past and present perfect tenses "indicated that computation of the credit must occur after the defendant begins his sentence," and that, consequently, a district court imposing the sentence itself, is unable to perform the necessary calculation. Id. at 1354. Rather, the Attorney General through the Bureau of Prisons (BOP), is responsible for administering the sentence and in carrying out this function cannot avoid determining the amount of the defendant's jail-time credit. Id. at 1354-55.
 
 
 8
 At sentencing Drummond asked the district court to credit his term of imprisonment for the time he spent in house arrest, however, he did not first lodge his request with the Attorney General or the BOP. Because under Wilson the district court lacks authority to credit Drummond's term at sentencing, the district court correctly declined to do so in this case.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not asppropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 3585(b) provides:
 Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
 (1) As a result of the offense for which sentence was imposed; or
 (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which sentence was imposed; that has not been credited against another sentence.
 Section 3585(b) replaced repealed § 3568 which provided that: "The Attorney General shall give any such person credit toward service of his sentence for any days spent in custody in connection with the offenses or acts for which the sentence was imposed." Pub.L. 89-465, § 4, 80 Stat. 217.
 
 
 [2]
 Notably, Drummond retains the option of applying to the BOP for credit of his term and of filing a writ of habeas corpus in the event such application is denied. Brown v. Rison, 895 F.2d 533, 534-36 (9th Cir.1990)